**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **CARTER & CARTER CONSTRUCTION, LLC** | § | |
| | § | |
| | § | |
| *Petitioner/Plaintiff,* | § | |
| | § | |
| **v.** | § | **Case No. 3:25-cv-00517-X** |
| | § | |
| | § | |
| **MASRAM MECHANICAL, LP** | § | |
| | § | |
| | § | |
| *Respondent/Defendant.* | § | |

**PLAINTIFF'S MOTION FOR NO-ANSWER DEFAULT JUDGMENT**

Plaintiff Carter & Carter Construction, LLC ("Carter") files this Motion for No-Answer Default Judgment pursuant to Federal Rules of Civil Procedure 55(a) requesting that the Court both enter a default judgment against Defendant MasRam Mechanical, LP ("MasRam") for Defendant's failure to answer Plaintiff's petition and award Plaintiff its damages as set forth below. In support of this motion, Plaintiff Carter respectfully shows the Court the following:

**BACKGROUND**

1.      This is a lawsuit concerning the confirmation of an Arbitration Award.

2.      On March 3, 2025, Plaintiff Carter served Defendant MasRam with Petition to Confirm Arbitration Award (hereafter "the Petition") by Process Server.

3.      The citation and proof of service have been on file since March 25, 2025. Attached as Exhibit A  and incorporated herein by reference is a true and correct copy of the filed return of service.

4.      MasRam's answer to the Petition was due by 10:00 a.m. on March 31, 2025.

5.      As of this motion's filing, Defendant MasRam has not filed an answer to the Petition or any other pleading constituting an answer.

6.      The Petition states [a] cause[s] of action against Defendant MasRam.  In particular, pursuant to 9 U.S.C. § 9, confirming and recognizing the Final Award against MasRam.  Carter incorporates herein, by reference, the Contract between MasRam and Carter, Arbitration Award, and Arbitrators Order on Motion to Modify attached to the Petition] as Exhibit 1-3.

7.      The last known address of Defendant MasRam is 5613 Campbell Rd., Houston, TX 77041.  Defendant MasRam was served through Reyna I. Gonzalez as registered agent for MasRam at 5613 Campbell Rd., Houston, TX 77041.  Attached hereto as Exhibit B is the Certificate of Defendant's Last Known Address.

8.      Plaintiff asks the Court to render a default judgment establishing Defendant's liability and awarding Plaintiff actual damages in the amount of $32,143.00,  pre-judgment interest of 7.75% as set forth in Exhibit C, in the amount of $14,219.70, reasonable and necessary attorney's fees in the amount of $150,000.00 as set forth in Exhibit C, costs of arbitration in the amount of $28,774.75, and post-judgment interest on Plaintiff's damages at 7.75% per annum.

### ARGUMENT AND AUTHORITIES

9.      Plaintiff Carter requests the Court enter a default judgment in favor of Plaintiff Carter and against Defendant MasRam, as alleged in the Petition.

10.     Plaintiff Carter is entitled to a no-answer default judgment against Defendant MasRam under FRCP 55(a) due to Defendant MasRam's failure to file and serve an answer to the Petition or any other pleading constituting an answer.

11.     The Court has personal jurisdiction over Defendant MasRam because MasRam conducts business in the State of Texas, the Arbitration that MasRam filed took place in the Northern District of Texas, and the Arbitrator issued the Final Award within the Northern District of Texas. MasRam has purposefully availed itself of the privileges and benefits of conducting business in Texas. MasRam also has established minimum contacts with Texas, and the exercise of jurisdiction by the courts of this state comports with traditional notions of fair play and substantial justice.

12.     The Petition gave Defendant MasRam fair notice of Plaintiff Carter's asserted claim[s] and damages to allow Defendant MasRam to determine the nature and basic issues of the controversy. Accordingly, by failing to answer, Defendant MasRam has admitted all facts asserted in the Petition and its liability for all of the asserted causes of action supported by those facts.

13.     Plaintiff Carter's damages are liquidated as they are proved by a written instrument, specifically the Arbitration Award attached to this motion as Exhibit C. The Court can readily and accurately calculate Plaintiff Carter's liquidated damages from that document plus the factual allegations in and documents attached to the Petition and should award those damages to Plaintiff.

## CONCLUSION

14.     The Court should grant Plaintiff Carter's Motion for No-Answer Default and enter a default judgment against Defendant MasRam in favor of Plaintiff Carter and award Plaintiff Carter its requested damages because Defendant MasRam failed to answer the Petition or file any pleading constituting an answer after proper service of process. Defendant has admitted liability to Plaintiff Carter on the Confirmation of Arbitration Award by default, and the Petition and evidence support Plaintiff Carter's requested relief.

## PRAYER FOR RELIEF

FOR THESE REASONS, Plaintiff Carter respectfully requests that the Court grant this Motion for Entry of Default Judgment enter a default judgment against Defendant MasRam in favor of Plaintiff Carter on all causes of action asserted in the Petition and award Plaintiff Carter:

(a)     C&C is awarded $32,143.00 against MasRam;

(b)     C&C is awarded prejudgment interest at the rate of 7.75% which is $14,219.70;

(c)     C&C is awarded reasonable attorneys' fees and out-of-pocket costs in the amount of $150,000.00;

(d)     The administrative fees and expenses of the AAA, totaling $18,700.00, and the compensation and expenses of the Arbitrator, totaling $35,149.50, shall be borne by MasRam.  Therefore, MasRam shall reimburse C&C the sum of $28,774.75, representing that portion of said fees and expenses in excess of the apportioned costs previously incurred by C&C, upon demonstration by C&C that these incurred costs have been paid;

(e)     Post-award interest of 7.75% per annum shall accrue on all sums;

(f)     Such other and further relief, general and special, at law or in equity, to which Plaintiff Carter may be justly entitled.

By */s/ Abigail E. Chacon*
Stephanie H. Cook
State Bar No. 24013071
scook@cokinoslaw.com
Las Cimas IV
900 Capital of Texas Hwy, Suite 425
Austin, Texas 78746
Tel: (512) 476-1080
Fax: (512) 610-1184

Abigail E. Chacon
State Bar No. 24105029
achacon@cokinoslaw.com
One Galleria Tower

13355 Noel Road, Ste 1375
Dallas, Texas 75240
Telephone: (817) 635-3600
Fax: (817) 635-3633

**ATTORNEYS FOR CARTER
& CARTER CONSTRUCTION, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on April 4, 2025, a true and correct copy of the foregoing Plaintiff's Motion for No-Answer Default Judgment and exhibits was served in accordance with the Federal Rules of Civil Procedure by Certified Mail, Return Receipt Requested on the parties listed below:

**Via Certified Mail, Return Receipt Requested**
**CMRRR No.: 9171999991703373969225**

MasRam Mechanical, LP
c/o Registered Agent Reyna I. Gonzalez,
5613 Campbell Rd.
Houston, TX 77041

**DEFENDANT**

**Via Certified Mail, Return Receipt Requested**
**CMRRR No.: 9171999991703373969232**

Daniel J. Goldberg
DJG@LawGoldberg.com
THE GOLDBERG LAW OFFICE, PLLC
2507 Calumet Street
Houston, Texas 77004

*/s/ Abigail E. Chacon*
Abigail E. Chacon

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **CARTER & CARTER CONSTRUCTION, LLC** <br> *Petitioner/Plaintiff,* | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | **Civil Action No. 3:25-cv-00517-X** |
| *v.* | | |
| **MASRAM MECHANICAL, LP** <br> *Respondent/Defendant.* | | |

FILED-USDC-NDTX-DA
'25 MAR 18 AM9:25
KMB

## AFFIDAVIT OF SERVICE

On this day personally appeared **Angela Rocha** who, being by me duly sworn, deposed, and said:

"The following came to my hand on the **3rd** day of **March 2025**, at **3:10** o'clock **P.M.**,

**SUMMONS IN A CIVIL ACTION, PETITION TO CONFIRM ARBITRATION AWARD
with EXHIBITS 1 through 3, CIVIL COVER SHEET, and NOTICE AND ELECTION
REGARDING CONSENT TO PROCEED BEFORE A MAGISTRATE JUDGE**

And was executed **at 12311 Woodworth Dr, Cypress, TX 77429** within the County of **Harris** at **9:46** o'clock **A.M.** on the **10th** day of **March 2025,** by delivering a true copy to the within named

**MASRAM MECHANICAL LP
by delivering to Registered Agent, REYNA I. GONZALEZ**

in person, having first endorsed the date of delivery on same.

I am a person over eighteen (18) years of age, and I am competent to make this affidavit. I am a resident of the State of Texas. I am familiar with the Texas Rules of Civil Procedure as they apply to the service of Process. I am not a party to this suit nor related or affiliated with any herein and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude. I have personal knowledge of the facts stated herein and they are true and correct.

**Angela Rocha
Authorized Person PSC: 20269 / Exp: 09/30/2025
Harris County, Texas**

**BEFORE ME,** a Notary Public, on this day personally appeared **Angela Rocha,** known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements therein contained are within his personal knowledge and are true and correct.

**SUBSCRIBED AND SWORN TO BEFORE ME on this 10th day of March 2025.**

*Natalia Lisenko*
**Notary Public, State of Texas**



NATALIA LISENKO
Notary Public, State of Texas
Comm. Expires 03-22-2029
Notary ID 129293165

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Texas

| | |
|---|---|
| Carter & Carter Construction LLC | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No. 3:25-cv-00517-X |
| | ) |
| Masram Mechanical LP | ) |
| *Defendant* | ) |

## Summons in a Civil Action

**TO:** Masram Mechanical LP

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) -- or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12(a)(2) or (3) -- you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or the plaintiff's attorney, whose name and address are:

Abigail Chacon
900 S. Capital of Texas Highway
Suite 425
Austin , TX 78746

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

DATE:  03/03/2025

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09) Summons in a Civil Action (Page 2)

Civil Action No.  3:25-cv-00517-X

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____.

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____, a person of suitable age and discretion who resides there,
on *(date)* _____, and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____, who is designated
by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____; or

☐ I returned the summons unexecuted because _____; or

☐ other *(specify)* _____
_____

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____

I declare under penalty of perjury that this information is true.

Date: _____

_____
Server's signature

_____
Printed name and title

_____
Server's address

Additional information regarding attempted service, etc:

# EXHIBIT B

**AMERICAN ARBITRATION ASSOCIATION**
**Construction Industry Arbitration Tribunal**

| | | |
|---|---|---|
| **MASRAM MECHANICAL, LP** | § | |
| | § | |
| **Claimant,** | § | |
| **v.** | § | |
| | § | |
| **CARTER & CARTER** | § | **AAA NO. 01-21-0004-0152** |
| **CONSTRUCTION, LLC** | § | |
| | § | |
| **Respondent.** | § | |

## ARBITRATION AWARD

The undersigned Arbitrator, Fred Wilshusen, was designated in accordance with the agreement entered between the above-named parties and was duly sworn and appointed in accordance with the Construction Arbitration Rules ("Rules") of the American Arbitration Association ("AAA"). Having heard the proofs and allegations of the parties, the undersigned Arbitrator does declare and issue the Final Arbitration Award as follows.

### THE ARBITRATION PROVISION

1.   The Agreement between the parties executed on or about March 12, 2018 ("Subcontract") regards the Alaqua at Frisco Apartments ("Project"). The Subcontract contained an arbitration provision at Paragraph 11.5.3 mandating arbitration of all disputes. The Parties chose to arbitrate under the AAA Rules. In July of 2021, the AAA appointed Fred D. Wilshusen for this arbitration. Articles 11 and 12 of the Subcontract, provided in pertinent part as follows:

- The Subcontract shall be governed by the laws in effect at the location of the Project which are the laws of the State of Texas.

- The arbitration would take place where the Project was located. By agreement the Parties agreed to arbitrate in Dallas, Dallas County, Texas.

- The parties agreed and stipulated to a standard form of Award.

### THE PARTIES

2. The parties to this proceeding are Claimant MasRam Mechanical, LP ("MasRam" or "Claimant"), represented by Daniel Goldberg of The Goldberg Law Office, PLLC; and Respondent Carter & Carter Construction, LLC ("Carter" or "Respondent"), represented by Stephanie H. Cook and Abigail E. Chacon with the firm of Cokinos|Young. Collectively, MasRam and Carter are sometimes herein referred to as the "Parties."

### THE ARBITRATON HEARING

3. The undersigned commenced the Final Hearing in this matter and heard the evidence and the sworn testimony submitted by the Parties and their witnesses. The Parties presented their claims and defenses at the Final Hearing, which was held from on November 4, 2024, and continued through November 7, 2024, when the oral testimony was completed. The Parties were well represented by their respective counsel.

4. Claimant presented the following live witnesses at the hearing: Reynol "Rey" Salinas, Javier Saldana, George T. McLaughlin, and Antonio "Tony" Ramirez. Respondents presented the following live witnesses at the hearing: Anderson Yates, Tygue Rudolph, and Collin Carter.

5. Following the merits hearing, the Parties by agreement submitted additional witness testimony by selected deposition portions. Claimant presented the following witnesses by offering on or about November 15, 2024, selected deposition portions for review by the Arbitrator: James "Jamie" Walker, Timothy Murphy, Katherine Christy, and Michelle Shelton. Respondents presented the following witnesses by offering

selected deposition portions for review by the Arbitrator: Katherine Christy, Michelle Shelton, Duane Clark, James R. Walker, and Timothy Murphy. The Parties also cross-designated additional deposition portions on or about November 22, 2024, in responsive designations. Claimant cross-designated the following additional selected deposition portions: Katherine Christy. Respondent cross-designated the following additional selected deposition portions: James R. Walker, Timothy Murphy, Katherine Christy, and Michelle Shelton. The Arbitrator reviewed the various deposition portions sent by the Parties.

6.     The Parties offered numerous exhibits, and all objections to exhibits and to evidence offered through witnesses were made and carefully considered and ruled on by the Arbitrator. Appropriate weight was given to the evidence that was presented during the Final Hearing and the Arbitrator liberally allowed evidence to be admitted. The Parties presented all claims and defenses at the final hearing. Following the merits hearing, the parties filed post-hearing briefing and evidence of attorneys' fees.

## BACKGROUND FACTS

7.     The Alaqua Project was a 309-unit apartment complex in Frisco, Texas made up of nine residential buildings labeled as Buildings 1 – 9 as well as a Clubhouse. Carter, the general contractor, contracted with the owner on the Project, FC Lebanon II, LLC ("Owner") on or about August 17, 2017. Carter subcontracted with MasRam to perform the HVAC portion of the Project.

8.     The Alaqua Project was a troubled project. Central to the dispute between the Parties is the decision of Carter to terminate MasRam on February 18, 2019, after significant work by MasRam on Buildings 1, 2, 3, and the Clubhouse. Preceding the termination were a Notice to Cure on January 28, 2019, and a February 1, 2019, Notice of Supplementation.

9.  MasRam claims that the termination was wrongful.  MasRam argues that it was current on work and that predecessor trades were the cause of delays on the Project. Claimant further claims that other contractors terminated by Carter on the Project were responsible for the general delays on the Project.  Further, MasRam claims that it was never provided a schedule or schedule updates for the Project. MasRam argues that Carter was the party that was significantly behind on the Project as evidenced by the Owner terminating Carter for delays in April of 2019.  MasRam relies on site photos, an inspection log, and its labor transaction report to argue that its work was only behind because the Project itself was behind. Damages claimed by MasRam total $429,752.48 made up of an unpaid progress payment, unpaid retainage, lost overhead and profit on the terminated work, and delay and disruption damages.  A demonstrative breakdown of the damages is attached as Exhibit "A" and incorporated herein.[1]

10.  Respondent argues that it gave repeated notices of the need for MasRam to add labor to the Project and that MasRam was nonresponsive to Carter's pleas. MasRam insists that it remained in communication with Carter regarding manning of the Projects but acknowledges that its communications on the Project were usually verbal. Respondent relies on its daily logs to demonstrate that MasRam had minimal or no labor on the Project during critical stretches.  Carter also contends that MasRam's labor transaction report, when examined, supports Respondent's position that MasRam did not have sufficient labor on the Project.  Carter contends that delays by Claimant held up turnover of apartment units to the Owner. Further, Carter contends that MasRam always had access to current schedule documents through Procore, the document management system used on the Project.   Carter further argues that the schedule was displayed

---

[1] MasRam's damages varied by small amounts based upon the presentation of evidence, but Exhibit "A" reflects one version of the amounts claimed.

prominently in its construction trailer and that Claimant also had access to two-week look ahead schedules regularly distributed at weekly trade contractor meetings.  Respondent claims as part of its damages money that it paid to DJR, Inc. d/b/a Encore Mechanical ("Encore") as supplemental labor regarding MasRam's scope of work.  That is the work that Encore invoiced to Carter prior to Carter's termination.[2]  In addition, Carter claims that an additional $814,227.21 paid by the Owner to Encore is the responsibility of Claimant. The Owner retained Encore to perform the HVAC work on the Project following the termination of Carter.  That amount represents payments by the Owner to Encore in excess of the MasRam Subcontract balance.  The primary evidence supporting the claim for $814,227.21 is a settlement document from the mediated settlement between Carter, the Owner, and a number of other subcontractors from the Project.

FINDINGS

11.	The sufficiency of qualified labor furnished by MasRam to the Project was heavily contested and subject to testimony by several of the witnesses.  Ultimately, the lack of labor demonstrated during the period of the Notice to Cure is persuasive.  Although MasRam's labor report demonstrates some labor and possibly even a crew at the Project in this time frame, the labor reports only reflect the date when labor was paid rather than the date that labor was on the Project.  The evidence was strong that MasRam could have and should have been responsive to Carter's demands for additional labor.

12.	As a result, Carter was justified in supplementing Claimant's labor and suffered damages by the additional cost paid to Encore to supplement MasRam's labor prior to

---

[2] The numbers charged by Encore are not clear.  The settlement document relied on by Carter reflects $52,002.59 as "amounts settled for damages because of property damage arising from MasRam."  Testimony at the hearing was that the $52,002.59 was for "Building 4 corrective work."  The Encore T&M invoice to Carter reflects $32,143.00 billed for supplemental work (including corrections at Building 4) up to 2-20-2019 (contemporaneous with the termination of MasRam).

termination of MasRam. The Arbitrator determines that amount to be $32,143.00. Although that is less than the progress payment and retainage claimed by MasRam, the evidence presented reflects that those amounts were not paid by the Owner to Carter but rather were paid by the Owner to FC Construction, the replacement general contractor that took over after termination of Carter. Further, the supplementation and subsequent termination of MasRam support that Claimant committed the first material breach of the Subcontract on the Project. The $32,143.00 in supplementation costs are awarded to Carter.

13.     MasRam's damage for lost profits is denied because the termination is determined to have been for cause. MasRam's claim for delay damages required notice of the claim and there was no evidence of any notice upon which a claim for delays and related damages could be based.

14.     However, the $814,227.21 claimed by Carter for damages ultimately paid out to the Owner is not persuasive. There are several reasons for this. Primary among these, Carter itself claims that the Owner was the source of significant delays on the Project. Carter claims that it would have finished the Project two days early if schedule extensions had been properly granted by the Owner to Carter. Accepting those arguments, Encore's substantial cost overruns on the Project while working for the Owner, appear to be, at least in part, the fault of the Owner rather than MasRam. In addition, although Carter tries to minimize the impact of three other trade contractors being terminated on the Project, those arguments are not persuasive. Each of the replaced contractors could have contributed to significant issues and additional costs at the Project. The magnitude of Project problems involving multiple trade contractors, undermine any argument that MasRam alone caused substantial additional delays and costs of completion on the Project. Further, the proof offered regarding the damages incurred after termination of

Carter was not sufficiently persuasive. A settlement document attributing a particular amount of a larger settlement to a trade contractor awaiting trial at the time of settlement is some evidence.  However, that evidence is not decisive as it is conclusory and too subject to being self-serving.  The Arbitrator does not consider it inconsistent to find all of these factors determinative in not assessing Owner damages to Claimant, while still finding that Claimant failed to properly respond to the Notice to Cure.  Under the provisions of the Subcontract MasRam was subject to supplementation and ultimately termination and related damages incurred by Carter while Carter was still on the Project.

15.    Carter seeks the following attorney's fees, costs and expenses, and arbitration fees and expenses:

       a.    Attorney's fees: $269,650.38;

       b.    Costs: $6,440.25.

The total of the claimed fees and out-of-pocket costs claimed by Carter is $276,090.63. Carter successfully defended against the entire claim of MasRam but only recovered a modest portion of its claim.  The Arbitrator concludes that the rates charged by Carter's attorneys and paralegals were reasonable. The Arbitrator further concludes that this amount of fees expenses was reasonable and necessary with regard to the various tasks performed.  The Arbitrator has determined to apportion fees and out-of-pocket expenses based upon the outcome of the various disputes. The Arbitrator finds that reasonable fees and out-of-pocket costs for the outcome of this case is $150,000.00.

16.    Because this is a standard award, no attempt is made to comprehensively dispose of all disputed issues.

FINAL AWARD

17.    The Arbitrator makes the following Monetary Award:

a. Carter is awarded $32,143.00 against MasRam.

b. Carter is awarded prejudgment interest at the rate of 7.75% which is $14,219.70.

c. Carter is awarded reasonable attorneys' fees and out-of-pocket costs in the amount of $150,000.00.

d. The administrative fees and expenses of the American Arbitration Association totaling $18,700.00 and the compensation and expenses of the Arbitrator totaling $35,149.50 shall be borne by MasRam. Therefore, MasRam shall reimburse Carter the sum of $28,774.75 representing that portion of said fees and expenses in excess of the apportioned costs previously incurred by Carter, upon demonstration by Carter that these incurred costs have been paid.

e. The above sums shall be paid on or before thirty (30) days from and after the date of the Award.  If payment is not made within thirty (30) days of the date of the Award, post-award interest of 7.75% per annum shall accrue on all sums set forth above beginning the 31st day after the date of the Award and shall run until the Award is paid in full.

18.    This Award is final, binding, and disposes of all claims, counterclaims and defenses submitted in this arbitration. All claims and defenses not expressly granted herein are denied.

19.    This Award may be entered as judgment in any court of competent jurisdiction.


**DATED: January 15, 2025**

/s/ Fred D. Wilshusen
Fred D. Wilshusen

# 5. Conclusions - Compensation



| Category | Damages | Remarks |
|---|---|---|
| **Progress Payments Due** | $11,175.73 | Pay Application No. 20[84] |
| **Retainage at Termination** | 78,908.47 | Per Owner Reconciliation[85] |
| **Termination Compensation Due** | 178,906.28 | Termination for Convenience – overheads and profit per pleading less above. |
| **Delay** | 152,262.00 | 217 calendar days of compensable delay |
| **Disruption** | 8,500.00 | Half of labor overrun |
| **Total** | **$429,752.48** | |

11/2/2024                                            Privileged                                            46

# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **CARTER & CARTER CONSTRUCTION, LLC** | § | |
| | § | |
| | § | |
| *Petitioner/Plaintiff,* | § | |
| | § | |
| **v.** | § | **Case No. 3:25-cv-00517-X** |
| | § | |
| | § | |
| **MASRAM MECHANICAL, LP** | § | |
| | § | |
| | § | |
| *Respondent/Defendant.* | § | |

<u>**CERTIFICATE OF LAST KNOWN ADDRESS TO THE CLERK OF SAID COURT:**</u>

Carter & Carter Construction, LLC, Plaintiff in the above-entitled and numbered cause, certifies to the Clerk of said Court that the last known mailing address of MasRam Mechanical, LP and Registered Agent Reyna I. Gonzalez, Defendants in the above entitled and numbered cause against whom a Default Judgment will be rendered, is as follows:

1. MasRam Mechanical, LP: 5613 Campbell Rd., Houston, TX 77041 (according to the records of the Texas Secretary of State).

Respectfully submitted,

**COKINOS | YOUNG**

By:*/s/ Abigail E. Chacon*
Stephanie H. Cook
State Bar No. 24013071
scook@cokinoslaw.com
Las Cimas IV
900 Capital of Texas Hwy, Suite 425
Austin, Texas 78746

Tel: (512) 476-1080
Fax: (512) 610-1184

Abigail E. Chacon
State Bar No. 24105029
achacon@cokinoslaw.com
One Galleria Tower
13355 Noel Road, Ste 1375
Dallas, Texas 75240
Telephone: (817) 635-3600
Fax: (817) 635-3633

**ATTORNEYS FOR CARTER
& CARTER CONSTRUCTION, LLC**

2