IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CARTER & CARTER CONSTRUCTION LLC, | § § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | Civil Action No. 3:25-cv-00517-X |
| MASRAM MECHANICAL LP, | | |
| Defendant. | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Plaintiff Carter & Carter Construction LLC's Petition to Confirm Arbitration Award (ECF No. 1) and Motion for Default Judgment (ECF No. 9), which the District Judge referred to the United States Magistrate Judge for findings and a recommendation (ECF No. 14). For the reasons explained below, the District Judge should confirm the arbitration award.

*Background*

Carter & Carter Construction LLC (Carter) served as the general contractor for the construction of a residential building project in Frisco, Texas. Pet. at 2, ¶ 6 (ECF No. 1); *see also id.*, Ex. 2, at 3, ¶ 7 (ECF No. 1-1). Carter subcontracted with MasRam Mechanical LP (MasRam) to perform the HVAC work on the project. *Id.* The project encountered a series of delays, ultimately resulting in Carter terminating MasRam as a subcontractor on the project. *Id.* at 3, ¶ 7 (ECF No. 1); *id.*, Ex. 2, at 3, ¶ 8 (ECF No. 1-1).

1

Subsequently, MasRam brought claims in arbitration against Carter pursuant to the subcontractor agreement's arbitration clause alleging that Carter wrongfully terminated the subcontractor agreement. *Id.* at 3, ¶ 8 (ECF No. 1); *see also id.*, Ex. 1 at 27 (ECF No. 1-1) (arbitration agreement). Carter and MasRam participated in an arbitration hearing on November 4–7, 2024, in Dallas, Texas, before an arbitrator appointed by the American Arbitration Association (AAA). *Id.*, Ex. 2 at 1–2 (ECF No. 1-1). On January 15, 2025, the arbitrator issued the arbitration award in favor of Carter. *See generally id.*, Ex. 2 (ECF No. 1-1) (arbitration award). MasRam filed a motion to modify the arbitration award, which the arbitrator denied on February 20, 2025. *Id.*, Ex. 3 (ECF No. 1-1) (order on motion to modify).

On February 28, 2025, Carter filed its Petition to Confirm Arbitration Award (ECF No. 1), which was served on MasRam. *See* Aff. of Service (ECF No. 7); *see also* Mot. for Default J., Ex. A (ECF No. 9) (affidavit of service). To date, MasRam has not filed an answer or otherwise appeared in this action. On April 4, 2025, Carter filed a Motion for Default Judgment (ECF No. 9).

### *Legal Standard*

### *Confirmation of Arbitration Award*

A party to an arbitration proceeding may file an application to confirm an arbitration award with the appropriate district court. 9 U.S.C. § 9. The Federal Arbitration Act (FAA) reflects a strong national policy favoring arbitration. *Cooper v. WestEnd Cap. Mgmt., L.L.C.*, 832 F.3d 534, 543 (5th Cir. 2016) (citing to *Hall*

*St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 581 (2008)). In light of this strong policy, "[j]udicial review of an arbitration award is extraordinarily narrow and [the court] should defer to the arbitrator's decision when possible.'" *Antwine v. Prudential Bache Sec., Inc.*, 899 F.2d 410, 413 (5th Cir. 1990); *see also Rain CII Carbon, LLC v. ConocoPhillips Co.*, 674 F.3d 469, 471–72 (5th Cir. 2012). Under the FAA, an arbitration award *must* be confirmed unless it is vacated, modified, or corrected. *Hall St. Assocs.*, 552 U.S. at 582; *see also* 9 U.S.C. § 10(a) (listing grounds for vacating arbitration award); 9 U.S.C. § 11 (listing grounds for modifying or correcting arbitration award).

*Motion for Default Judgment*

Rule 55 governs applications for default and default judgment. Fed. R. Civ. P. 55. However, the FAA provides that an application for confirmation of an arbitrator's award "shall be made and heard in the manner provided by law for the making and hearing of motions[.]" 9 U.S.C. § 6. Accordingly, Rule 55 "does not operate in the context of applications to confirm arbitration awards; rather, an unanswered application to confirm an arbitration award should be 'treated as akin' to an unopposed motion for summary judgment." *Wells Fargo Bank Nat'l Ass'n v. Energy Prod. Co.*, 2020 WL 1493663, at *1 (N.D. Tex. Mar. 26, 2020) (Scholer, J.) (quoting *SmartPrice.Com, Inc. v. Long Distance Servs.*, 2007 WL 1341412, at *3 (W.D. Tex. May 4, 2007)); *see also Wells Fargo Clearing Servs., LLC v. Miller*, 2025 WL 3270664, at *1 (N.D. Tex. Nov. 24, 2025) (Starr, J.) ("But the Court informed [the movant] that [a motion for default judgment] was not proper for

3

confirmation of an arbitration award, and recommended a motion for summary judgment instead."); *Accelerated Sols., LLC v. Star Med. Ctr., LLC*, 2021 WL 3128540, at *1 (E.D. Tex. July 23, 2021) ("[W]hen an opposing party fails to respond to a motion to confirm an arbitration award, the proper course is to treat the motion as the court would treat an unopposed motion for summary judgment.").

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking summary judgment bears the initial burden of showing the absence of a genuine issue for trial. *Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (citation omitted). The movant's burden can be satisfied by demonstrating that there is an absence of evidence to support the nonmoving party's case, which the nonmovant bears the burden of proving at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may satisfy its burden "by tendering depositions, affidavits, and other competent evidence." *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992) (citing *Int'l Shortstop, Inc. v. Rally's*, 939 F.2d 1257, 1263 (5th Cir. 1991) and Fed. R. Civ. P. 56(e)).

### *Analysis*

#### *Confirmation of Arbitration Award*

Because default judgment is unavailable as a remedy in this case, the Court treats Carter's Motion for Default Judgment as an unopposed motion for summary judgment. *See Energy Prod. Co.*, 2020 WL 1493663, at *1. The arbitration award

4

at issue was made within the Northern District of Texas, and therefore, this Court has jurisdiction to enter judgment upon the award. *See* 9 U.S.C. § 9 ("If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made."); Pet., Ex. 2 at 2, ¶ 1 (ECF No. 1-1) ("By agreement the Parties agreed to arbitrate in Dallas, Dallas County, Texas.").

> A party seeking to confirm an arbitration award must file the following:
>
> (a)  The agreement; the selection or appointment, if any, of an additional arbitrator or umpire; and each written extension of the time, if any, within which to make the award.
>
> (b)  The award.
>
> (c)  Each notice, affidavit, or other paper used upon an application to confirm, modify, or correct the award, and a copy of each order of the court upon such application.

9 U.S.C. § 13. In support of its Petition, Carter provided the final award, the underlying agreement, and other relevant documents. *See* Pet., Exs. 1–3 (ECF No. 1-1) (providing the agreement, the arbitrator's award, and the arbitrator's order on MasRam's motion to modify); Mot. for Default J., Exs. A–C (ECF No. 9) (providing affidavit of service of Carter's Petition on MasRam, the arbitrator's award, and certificate of MasRam's last known address). Accordingly, Carter has complied with the requirements of 9 U.S.C. § 13.

The Court finds no reason to modify or vacate the arbitration award. "[I]n reviewing arbitration proceedings, courts are limited to the question [of] whether the proceedings were fundamentally unfair." *See Grp. 32 Dev. & Eng'g, Inc. v. GC*

*Barnes Grp., LLC,* 2015 WL 144082, at *3 (N.D. Tex. Jan. 9, 2015) (Boyle, J.) (quoting *Pac. Breakwater W., Inc. v. Wellness Int'l Network, Ltd.,* 2000 WL 276812, at *6 (N.D. Tex. Mar. 9, 2000) (Fitzwater, J.)). MasRam, represented by counsel, meaningfully participated in the arbitration hearing, including presenting four live witnesses and the deposition transcripts for four additional witnesses. Pet., Ex. 2 at 2–3, ¶¶ 4–5 (ECF No. 1-1). The arbitrator also noted in his award that the parties "offered numerous exhibits," "presented all claims and defenses at the final hearing," and submitted post-hearing briefing. *Id.* at 3, ¶ 6. Therefore, the Court does not doubt the fundamental fairness of the underlying arbitration proceeding. And there is no evidence that the arbitration award was the product of corruption or fraud or that the arbitrator was biased, engaged in prejudicial behavior, or exceeded his authority. *See* 9 U.S.C. § 10 (listing grounds for vacatur of an arbitration award).

Further, the specific damages awarded by the arbitrator should be confirmed. "This Court is 'very deferential' to awards issued by arbitrators and finds them valid as long as they are derived from the 'essence of the contract.'" *Miller,* 2025 WL 3270664, at *2 (quoting *Timegate Studios, Inc. v. Southpeak Interactive L.L.C.,* 713 F.3d 797, 802 (5th Cir. 2013)). The underlying arbitration agreement incorporates the AAA's Construction Industry Arbitration Rules. *See* Pet., Ex. 1 at 27 (ECF No. 1-1); *see also id.,* Ex. 2 at 1 ("The Parties chose to arbitrate under the AAA [Construction Arbitration Rules]."). These rules allow an arbitrator to award "interest at such rate and from such date as the arbitrator may deem

6

appropriate[.]" *Construction Industry Arbitration Rules and Mediation Procedures*, Am. Arbitration Ass'n 33 (effective Mar. 1, 2024), construction-industry-arbitration-rules-and-mediation-procedures-2024.pdf [https://perma.cc/YM3B-6DHS].

The arbitrator determined that Carter was justified in supplementing MasRam's labor due to delays and awarded $32,143.00 in supplementation costs; $150,000 in attorney's fees and costs; $28,744.75 in administrative fees and expenses; $14,219.70 in prejudgment interest; and post-award[1] interest at a rate of 7.75% per annum. Pet., Ex. 2 at 5–8, ¶¶ 12, 15, 17 (ECF No. 1-1). And, again, there is no evidence that the arbitrator erred in awarding these damages. Under the Court's deferential standard, the Court finds that the damages awarded by the arbitrator are fair. Therefore, the District Judge should CONFIRM the arbitration award.

---

[1] The Court notes that the arbitrator awarded post-*award* interest rather than post-*judgment* interest, and thus, the post-award interest is not subject to the statutory rate set forth in 28 U.S.C. § 1916(a)). *See Tricon Energy Ltd. v. Vinmar Int'l, Ltd.*, 718 F.3d 448, 456–60 ("[B]ecause the arbitrators in this case did not award postjudgment interest, but post-award interest, . . . that distinction makes a difference."); *LALO, LLC v. Hawk Apparel, Inc.*, 2022 WL 1173801, at *4 (N.D. Tex. Apr. 20, 2022) (Lindsay, J.) ("[W]hile arbitrators have authority to specify the rate of post-award interest, they do not have authority to specify the rate of postjudgment interest, which is governed by the federal statutory rate, unless an arbitrator has been granted authority by the parties to award a nonstatutory rate of postjudgment interest.").

*Costs, Fees, and Postjudgment Interest*

Finally, Carter requests that it be "awarded the costs and fees incurred in connection with this proceeding, including postjudgment interest pursuant to 28 U.S.C. § 1961[.]" Pet. at 7 (ECF No. 1). "A judgment confirming an arbitration award—like any other civil judgment—is subject to § 1961." *Tricon Energy Ltd.*, 718 F.3d at 457; *see also* 9 U.S.C. § 13 ("The judgment so entered shall have the same force and effect, in all respects, as, and be subjected to all the provisions of law relating to, a judgment in an action[.]"). Section 1961 grants interest "from the date of the entry of the judgment" at a rate "equal to the weekly average 1-year constant maturity Treasury yield . . . for the calendar week preceding . . . the date of the judgment." 28 U.S.C. § 1961(a). Postjudgment interest compounds annually and is "computed daily to the date of payment." *Id.* § 1961(b). The principal for calculating postjudgment interest is "the entire amount of the final judgment," including attorney's fees, costs, and prejudgment interest. *Fuchs v. Lifetime Doors, Inc.*, 939 F.2d 1275, 1280 (5th Cir. 1991).

Because "district courts do not have the discretion to deny post-judgment interest on monetary judgments," Carter's request for postjudgment interest should be granted. *Paisano Capital SA de CV v. 23 Tex. Produce, Inc.*, 2019 WL 3239152, at *5 (N.D. Tex. July 18, 2019) (Boyle, J.). Therefore, the Court should GRANT Carter's request for postjudgment interest for all damages awarded herein,

at the statutory rate provided in § 1961,[2] from the date of final judgment until it is paid in full. *Id.*

Any request by Carter to recover a particular amount of attorney's fees and costs associated with this Motion must be filed postjudgment in accordance with Federal Rule of Civil Procedure 54(d)(2).

## *Recommendation*

For the reasons explained above, the District Judge should GRANT Carter's Petition (ECF No. 1), treat the Motion for Default Judgment (ECF No. 9) as a motion for summary judgment, and confirm the underlying arbitration award against MasRam. Further, the District Judge should GRANT Carter's request for postjudgment interest.

**SO RECOMMENDED.**

December 19, 2025.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

---

[2] The postjudgment interest rate can be found at: https://www.txnd.uscourts.gov/post-judgment-rates.

## **INSTRUCTIONS FOR SERVICE AND**
## **NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district judge, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).